B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Berkshire Investments, LLC**                                                                      Case No.  **24-11552**
Debtor(s)                                                                                                            Chapter  **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **Hourly Rates** |
   | | **See attached Representation Agreement** |
   | Prior to the filing of this statement I have received | $ **100,000.00** |
   | Balance Remaining | $ **65,568.00** |

2. The source of the compensation paid to me was:

   ☐ Debtor      ☑ Other (specify):   NELI International Incorporated

3. The source of compensation to be paid to me is:

   ☑ Debtor      ☐ Other (specify):

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   See attached Representation Agreement

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **August 23, 2024** | **/s/ Carolina Y. Sales** |
| *Date* | **Carolina Y. Sales, #6287277** |
| | *Signature of Attorney* |
| | **Robbins DiMonte, Ltd.** |
| | **180 N. LaSalle Street, Suite 3300** |
| | **Chicago, Illinois 60601** |
| | **Phone: 312-456-0372   Fax: 312-782-6690** |
| | **csales@robbinsdimonte.com** |
| | *Name of law firm* |



Steve Jakubowski | Chicago

D: 312.456.0191
E: sjakubowski@robbinsdimonte.com

August 1, 2024

**PERSONAL AND CONFIDENTIAL**
**SUBJECT TO ATTORNEY/CLIENT PRIVILEGE**
Mr. Patrick Balson
Berkshire Investments, LLC
1601 S. 54th Avenue
Cicero, Illinois 60804

RE: Retention of Robbins DiMonte, Ltd. ("RD")

Dear Patrick:

This letter will confirm and finalize the arrangement under which our firm will act as insolvency/restructuring counsel to Berkshire Investments, LLC, an Illinois limited liability company ("**Company**") in connection with a prospective bankruptcy filing under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois and to pursue court approval of (i) a debtor in possession credit facility with the Company's existing lender, Neli International Incorporated, and (ii) an expedited sale process under which the assets of the Company will be offered for sale, conditioned upon entry into a stalking horse asset purchase agreement with a X Metals Acquisition, LLC (the "**Stalking Horse Bidder**"), and (iii) other transactions involving the assets and financial affairs of the Company as debtor in possession, all with a view toward maximizing the value of the assets of the Company and otherwise facilitating the sale thereof and the winding down the business and financial affairs of the Company.

**RETAINED SERVICES**

The scope of our retention (collectively, the "**Retained Services**") shall be as follows:

1. **Preparation for a Chapter 11**

We will examine the financial affairs of the Company, with the principal objective of preparing for the filing of a chapter 11 case (the "**Case**") for the Company. Our services during this further stage will include:

    a. reviewing and analyzing lender documentation, corporate documentation, contracts to which the Company is a party, and other necessary documentation and information regarding the Company or otherwise evidencing claims which have been or may be asserted against the Company and its properties;

**Chicago**
180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601
O: 312.782.9000 | F: 312.782.6690

**Park Ridge**
216 West Higgins Road, Park Ridge, Illinois 60068
O: 847.698.9600 | F: 847.698.9623 | F: 847.698.9624

robbinsdimonte.com

Berkshire Investments, LLC
August 1, 2024
Page 2

    b. taking appropriate steps in the Case to seek the approval of a sale process and bidding procedures under which the assets will be offered for sale in a public auction;

    c. working with the U.S. Trustee's office and the official committee of unsecured creditors that is likely to be appointed in the Case;

    d. identifying potential claims of the bankruptcy estate and prosecuting or otherwise preserving the claims for the benefit of the estate;

    e. working with various constituencies which may have claims to particular assets of the Company, with a view toward reaching resolutions or otherwise prosecuting the rights of the Company in the bankruptcy court;

    f. preparing various motions and other court filings required by chapter 11 to allow the Company to operate in the ordinary course of business in the Case as debtor in possession and wind down its affairs; and

    g. advising the Company and preparing the appropriate pleadings on actions to be taken in the Case, including to: (i) obtain authority, if necessary, for use of cash collateral in the ordinary course of business and to obtain debtor in possession financing; (ii) determine the scope of the liens of the creditors; and (iii) perform such other duties and responsibilities of counsel to the debtor in possession in the Case.

2. **Representation of the Company in the Case**

Upon further written authorization by the Company, we will assume the professional responsibility for and take the necessary steps to file the Case for the Company and therein pursue court approval of the matters described above.

**EXCLUDED SERVICES**

You understand we are being engaged pursuant to this letter as counsel to the Company only, and that neither our engagement herein, nor the Retained Services, extend to any other person or entity. As you are aware, we have in the past represented the Company's parent, CXM Investments LLC ("**CXMI**"), but have fully withdrawn from all representations of that entity effective July 31, 2024, as set forth below.

Chicago
180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601
O: 312.782.9000 | F: 312.782.6690

Park Ridge
216 West Higgins Road, Park Ridge, Illinois 60068
O: 847.698.9600 | F: 847.698.9623 | F: 847.698.9624

robbinsdimonte.com

Berkshire Investments, LLC
August 1, 2024
Page 3

### EXCLUDED AREAS OF PRACTICE

We endeavor to provide high quality legal services and to aggressively protect and/or assert the rights of our clients. We do not, however, render advice on securities, criminal, international trade, the laws of foreign countries, labor, intellectual property, or environmental law, and other areas outside of our fields of concentration (the "**Excluded Areas of Practice**"). If you believe the Company has any issues in the Excluded Areas of Practice that will require attention during the bankruptcy case, we will consult with you and attorneys who concentrate in those respective areas. If appropriate, we can file motions with the bankruptcy court seeking retention of these professionals as special counsel to the Company during the Case.

### PROFESSIONAL RESPONSIBILITIES OF THE FIRM

Subject to the terms and conditions of this letter, we agree to act as counsel to the Company with respect to the Retained Services, and to consult with the appropriate representatives, consult other parties and witnesses, make such investigations and review such documents as we deem necessary, and take other steps consistent with the Company's best interests. We further agree to act on behalf of the Company regarding any proposed settlement. No settlement shall be made without the Company's authorized written consent. In light of the prepayment of legal services as provided herein, throughout the period of our engagement we shall not accept employment to render legal advice or assistance to any person or entity having interests directly adverse to the Company, and will refrain from accepting legal work that will interfere with our ability to provide legal services. The Company agrees that we have accepted professional responsibility for the Retained Services only and no other matters. Any expansion of the scope of our retention shall be effective only upon the execution of an amended engagement letter specifying the scope of any additional professional responsibility.

### FEES AND ADVANCE PAYMENT RETAINER

In connection with our representation in the Case and in order to commence our efforts, we are to receive an "advance payment retainer" (defined below) in the amount $100,000 upon the signing of this letter, which will be applied to prepetition services rendered in preparation for the filing of the Case and during the initial postpetition stages of the Case (collectively, the "**Chapter 11 Prepayment**"). In light of the Company's financial condition, we must respectfully insist upon prompt payment so as to avoid becoming a creditor and becoming disqualified from further representation. The Company agrees to reimburse the firm for all disbursements made on the Company's behalf, such as filing fees, out-of-plan computer research fees, copying, messenger service, express carrier package delivery, and travel.

The Chapter 11 Prepayment will be treated as an absolute transfer to us, is income to us upon receipt, and will not be held in a client trust account but will be deposited into our firm's regular operating account. In the event our attorney/client relationship is terminated, a right of refund will then arise which will entitle the Company to a refund of the Chapter 11 Prepayment to

Chicago
180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601
O: 312.782.9000 | F: 312.782.6690

Park Ridge
216 West Higgins Road, Park Ridge, Illinois 60068
O: 847.698.9600 | F: 847.698.9623 | F: 847.698.9624

robbinsdimonte.com

Berkshire Investments, LLC
August 1, 2024
Page 4

the extent it is not earned by us on account of services rendered at our stipulated hourly rates or required for expenses we incur.

Please note that under Illinois law, there is another type of retainer paid to attorneys referred to as a "security retainer" under which the retainer is held by the attorney in a separate trust account and remains the property of the Company until the attorney applies it to charges for services that are actually rendered. Under Illinois law, the Company has the option to treat the Chapter 11 Prepayment as a "security retainer," however the firm is unwilling to represent the Company unless the Chapter 11 Prepayment is treated as an "advance payment retainer" as described above. One of the reasons that we prefer to treat the Chapter 11 Prepayment as an "advance payment retainer" rather than as a "security retainer", is that under Illinois law and in applicable circumstances, a "security retainer" may remain subject to the claims of creditors, while an "advance payment retainer" cannot be reached by creditors. Accordingly, we believe that treating the Chapter 11 Prepayment as an "advance payment retainer" will afford both the Company and us with greater assurance that we will be compensated and that the Company will have legal services to the extent of the Chapter 11 Prepayment, subject to the terms of this letter. Accordingly, by executing this letter, the Company agrees that the Chapter 11 Prepayment and any additional Chapter 11 Prepayments shall be treated as an "advance payment retainer" as described above, and not as a "security retainer".

## HOURLY RATES

Inasmuch as it is difficult to foresee what our total fee and disbursements will be and since we cannot predict the course of this matter, we are to receive: $695.00 an hour for the time expended by Steve Jakubowski, $575.00 an hour for time expended by Julia Smolka, Carolina Sales, and Robert Harig; $450.00 an hour for time expended by Dominic Erbacci; $250.00 an hour for time expended by paralegals; and $175.00 an hour for time expended by research clerks. We anticipate the time required will be in excess of the initial Chapter 11 Prepayment delivered.

In the event the Company decides to authorize the filing of the Case, we will establish a payment procedure in the Case for the payment of fees on a monthly basis. Typically, a procedure is established whereby attorneys for the debtor-in-possession and any creditors committee and other professionals send invoices to the Company and a group of parties-in-interest, and absent any objections, 80% of the fees and 100% of out-of-pocket expenses are authorized to be paid on an interim basis, with the balance payable periodically during the Case or at the end of the Case. We will consult with you regarding this process.

## WAIVER OF CONFLICTS OF INTEREST

The Company has requested RD to represent it with respect to the Retained Services. As you are aware, RD has represented CXMI since its inception in December 2020, including attending periodic board meetings of CXMI. We are aware that certain members of CXMI and certain officers of the Company have substantial claims against the Company. Further, we recently

Chicago
180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601
O: 312.782.9000 | F: 312.782.6690

Park Ridge
216 West Higgins Road, Park Ridge, Illinois 60068
O: 847.698.9600 | F: 847.698.9623 | F: 847.698.9624

robbinsdimonte.com

Berkshire Investments, LLC
August 1, 2024
Page 5

filed an appearance in an action, from which we will file a notice of withdrawal forthwith, on behalf of the Company's chief financial officer, Richard Jenkins, who was sued as co-defendant with the Company in an action brought by a vendor of the Company for failure to pay outstanding invoices allegedly due the vendor.

These claims, interests, and co-defendant relationships give rise to debtor/creditor and other connections that could become adverse to each other and thereby potentially give rise to conflicts of interest (collectively, the "**Potential Conflicts**"). We have discussed, and you understand, that in order for us to represent the Company the firm will not represent any of these persons or entities while we continue to represent the Company and has fully withdrawn (or in the case of Mr. Jenkins, have moved to withdraw) from all representation of these persons or entities.

To induce our firm to act as counsel to the Company as provided herein, the Company unconditionally, absolutely, and irrevocably waives, to the fullest extent allowed by law, any and all conflicts of interest, whether presently existing or arising after the date hereof, with respect to matters for which we are retained and with respect to any conflict of interest arising out of or relating to the Potential Conflicts. The firm will receive a comparable conflict waiver from CXMI, its members, and Mr. Jenkins.

## RIGHT TO TERMINATE ATTORNEY/CLIENT RELATIONSHIP

The Company acknowledges that the above financial arrangements have been agreed upon to induce us to act as the Company's attorneys in the Case. By accepting this arrangement, the Company will be deemed to have consented in advance to allowing us to withdraw as their attorneys in the event of nonpayment, and expressly waives the attorney/client privilege concerning relevant portions of this letter so as to permit us to withdraw as the Company's attorneys. All parties to this agreement shall have the right to terminate the attorney/client relationship provided herein for any reason in their sole discretion upon five (5) business days' prior written notice.

## AUTHORITY

The Company authorizes us to give to, and receive from, the Company's other counsel, tax return preparers, and consultants, confidential information regarding the Company's affairs.

## CHOICE OF LAW

You acknowledge and agree that in light of our firm's location in Chicago, Illinois and our attorneys' licensure to practice in the State of Illinois: (a) our engagement hereunder shall be governed by and construed in accordance with the laws of the State of Illinois as to interpretation, enforcement, validity, construction and effect, without regard to the choice of law or conflict of law principles thereof; and (b) the professional standards applicable to the conduct of our firm in its representation of the Company shall be determined by the Illinois Rules of Professional

Chicago
180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601
O: 312.782.9000 | F: 312.782.6690

Park Ridge
216 West Higgins Road, Park Ridge, Illinois 60068
O: 847.698.9600 | F: 847.698.9623 | F: 847.698.9624

robbinsdimonte.com

Berkshire Investments, LLC
August 1, 2024
Page 6

Conduct without giving effect to any choice of law principles which would otherwise require the application of the professional standards of a different state.

**NON-RELIANCE BY COMPANIES ON EXCLUDED PROFESSIONAL SERVICES**

This document contains our entire agreement pertaining to our retention by the Company. There were no prior agreements between the parties. We have made no representations, guaranties, or promises regarding the disposition of any phase of the Company's matters.

If this arrangement is satisfactory to the Company, please indicate its acceptance and understanding by signing and returning a copy of this letter. We shall have no obligations or responsibility to commence our efforts until the Chapter 11 Prepayment is made.

If you have any questions or if I may be of further assistance, please feel free to contact me.

Very truly yours,

Steve Jakubowski
Shareholder

**AGREED AND ACCEPTED:**

BERKSHIRE INVESTMENTS, LLC

By: CXM Investments LLC
Its Sole Member

By: _____
Name: Patrick J. Balson
Title:   Manager

Chicago
180 North LaSalle Street, Suite 3300, Chicago, Illinois 60601
O: 312.782.9000 | F: 312.782.6690

Park Ridge
216 West Higgins Road, Park Ridge, Illinois 60068
O: 847.698.9600 | F: 847.698.9623 | F: 847.698.9624

robbinsdimonte.com